



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

DAVIANNA FINCHER,

                         Plaintiff,

        - against -

THE GROUP ROYAL AIR MAROC, ROYAL
AIR MAROC, LTD. & MOROCCAN
INTERNATIONAL AIRLINES,

                        Defendants.

------------------------------------------------------------------x

        Defendants THE GROUP ROYAL AIR MAROC, ROYAL AIR MAROC, LTD. & MOROCCAN INTERNATIONAL AIRLINES (hereinafter collectively referred to as "RAM"), by its attorneys Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Southern District of New York pursuant to the Foreign Sovereign Immunities Act of 1976. *See* 28 U.S.C. §§ 1330(a), 1441(d).

        1.    This action was commenced against RAM in the Civil Court of the City of New York, County of New York, by the filing of a Summons and Verified Complaint on July 15, 2008. The Summons and Verified Complaint was served on RAM on July 28, 2008. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit "A". No further proceedings have been had in this action.

2.      The Verified Complaint alleges that defendant lost plaintiff's baggage on February 1, 2008, while plaintiff's luggage was in defendant's custody, causing plaintiff damages in the amount of $25,000.00. *See,* Verified Complaint, Exhibit "A" hereto, para. 12.

3.      The above-entitled action is one in which this Court has original jurisdiction as provided in 28 U.S.C. § 1330(a), in that defendant RAM is a foreign state.

4.      This is an action brought against a "foreign state" as defined in 28 U.S.C. § 1603(a):

    a.      Defendant RAM was, at the time this action was commenced, and now is a corporation duly organized and existing under the laws of Morocco with its principal place of business in Morocco.

    b.      A majority of the shares or other ownership interest is owned by a foreign state, Morocco, or a political subdivision thereof; and

    c.      Defendant RAM is neither a citizen of a State of the United States as defined in 28 U.S.C. § 1332(c) and (d), nor created under the laws of any third country.

5.      Defendant RAM, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(d).

6.      The proper name of the airline is ROYAL AIR MAROC. There are no subsidiaries of ROYAL AIR MAROC entitled "THE GROUP ROYAL AIR MAROC" or "MOROCCAN INTERNATIONAL AIRLINES".

-2-

WHEREFORE, defendants THE GROUP ROYAL AIR MAROC, ROYAL AIR MAROC, LTD. & MOROCCAN INTERNATIONAL AIRLINES pray that the above-entitled action now pending in the Civil Court of the City of New York, County of New York be removed therefrom to this Court.

Dated:     New York, New York
           August 4, 2008

                                        Respectfully submitted,

                                        CONDON & FORSYTH LLP


                                        By _____
                                           Michael J. Holland  (MH 8329)
                                           A Partner of the Firm
                                        Attorneys for Defendants
                                        THE GROUP ROYAL AIR MAROC,
                                        ROYAL AIR MAROC, LTD. &
                                        MOROCCAN INTERNATIONAL AIRLINES
                                        7 Times Square
                                        New York, New York  10036
                                        (212) 490-9100

TO:    Ifey Ugokwe, Esq.
       Aria, Ugo LLP
       Attorneys for Plaintiff
       35 Crown Street
       Suite 6E
       Brooklyn, New York  11225
       (718) 512-5448

**EXHIBIT "A"**

B 268—Summons, Civil Court, endorsed complaint or annexed complaint

BlumbergExcelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF _New York_

Index No. 064855 2008

## Summons

DAVIANNA FINCHER

Plaintiff(s)

against

The Group Royal Air Maroc, Royal Air
Maroc, Ltd. & Moroccan International Airlines

Defendant(s)

Plaintiff's Residence
Address: 144-16 115th Ave
        Queens, NY 11412

The basis of the venue designated is:
Principal Executive Office of
Defendants

To the above named defendant(s)

**You are hereby summoned** to appear in the Civil Court of the City of New
York, County of _New York_          at the office of the said court at  111 Centre St.

in the County of  New York          City and State of New York, within the time provided by law
as noted below and to file your answer to the —endorsed summons—annexed complaint*—with the
Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 25,000.00
with interest thereon from                                together with the costs of this action.

Dated, 7/15/2008                              A.U. LEE L.P
                                             Attorney(s) for Plaintiff

Defendant's Address:
666 5th Ave
New York, NY 10019

Post Office Address and Telephone Number
65 Cross St, Suite 6E
Brooklyn, NY 11225

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the City of
New York, you must appear and answer within TWENTY days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the
City of New York, or by publication, or by any means other than personal delivery to you within the City of New
York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within
which to appear and answer.

*If the cause of action is for money only and a formal complaint is not attached to the summons, strike the words "annexed
complaint". If a formal complaint is attached to the summons, strike the words "endorsed summons".

### ENDORSED COMPLAINT
A statement of the nature and substance of the plaintiff's cause of action is as follows:

Attorney(s) for Plaintiff(s)

CIVIL COURT OF THE CITY OF NEW YORK
NEW YORK COUNTY

Index #:

------------------------------------------------

DAVIANNA FINCHER,

Plaintiff

**VERIFIED
COMPLAINT**

v.

THE GROUP ROYAL AIR MAROC, ROYAL AIR
MAROC, LTD. & MOROCCAN INTERNATIONAL
AIRLINES,

Defendants.

------------------------------------------------

Plaintiff DAVIANNA FINCHER, by her attorneys, ARIA, UGO LLP., as and for

a cause of action alleges, upon information and belief, as follows:

1.      At the time of the commencement of this action, THE GROUP ROYAL

AIR MAROC, ROYAL AIR MAROC, LTD. & MOROCCAN INTERNATIONAL

AIRLINES (hereinafter "Defendants") maintained their principal executive office in the

County of New York, State of New York.

2.      Upon information and belief, Defendants were and still are a foreign

corporation authorized to do business in the State of New York.

3.      The cause of action took place when Defendants were in custody of

Plaintiff's luggage prior to and/or during her arrival in New York State.

4.      On February 1, 2008 and at all times mentioned, Defendants owned the

aircraft in which they placed Plaintiff's luggage.

5.      On February 1, 2008 and at all times mentioned, Defendants operated the

aforementioned aircraft and all areas in which they placed Plaintiff's luggage.

6.    On February 1, 2008 and at all times mentioned, Defendants managed the aforementioned aircraft and all areas in which they placed Plaintiff's luggage.

7.    On February 1, 2008 and at all times mentioned, Defendants maintained the aforementioned aircraft and all areas in which they placed Plaintiff's luggage.

8.    On February 1, 2008 and at all times mentioned, Defendants controlled the aforementioned aircraft and all areas in which they placed Plaintiff's luggage.

9.    On February 1, 2008 and at all times mentioned, Defendants had a duty to maintain the aforementioned aircraft and all areas in which they placed Plaintiff's luggage in reasonably secured conditions.

10.    On February 1, 2008 and at all times mentioned, Plaintiff was lawfully present on Defendants' aircraft.

11.    On February 1, 2008 and at all times mentioned, Plaintiff's luggage was lawfully in Defendants' custody with the knowledge, permission, and consent of the Defendants.

12.    On February 1, 2008, while Plaintiff's luggage was lawfully in Defendants' custody, even though her luggage was locked, the contents of her suitcase were removed and/or lost and/or stolen.

13.    The above mentioned occurrence and the results thereof were caused by the negligence of the Defendants and/or Defendants' servants, agents, employees and/or licensees in the operation, management, maintenance and control of the aircraft and other areas that held her luggage in causing, allowing, and permitting the items in her suitcase to be removed and/or stolen when in Defendants' custody; in failing to maintain the aircraft and all other areas in which the luggage was kept in reasonably secure and safe

2

circumstances; in causing, permitting and allowing circumstances that led to her possessions to be removed and/or stolen; in allowing and permitting the luggage to be, become and remain in insecure surroundings; in allowing the aircraft and all areas in which the luggage was kept to be insecure, unprotected and unguarded; in failing to properly and timely inspect the areas in which luggage was kept; in failing to undertake proper and adequate proper and/or adequate security studies and/or surveys; in failing to maintain the areas where luggage was kept in a reasonably safe, secure and protected condition; in failing to take suitable and proper precautions for the safety and security of the luggage of airline patrons in a timely manner; that Defendants knew or should have known that the areas where luggage is maintained were unsafe and insecure and that these insecure conditions would and could cause theft and/or loss of contents of luggage lawfully placed in these areas; in interfering with and preventing Plaintiff from receiving her luggage with all of its contents intact; in failing to have taken necessary measures to have prevented the above mentioned areas from being used while in an insecure and unprotected condition; and in being otherwise negligent and careless.

14.    Defendants have failed to reasonably respond to and/or investigate Plaintiff's formally written complaint, which listed items removed and/or stolen from her luggage; have failed to respond to all phone calls and phone messages by Plaintiff to address the missing items in her luggage while in Defendants' custody.

15.    No negligence on the part of the Plaintiff contributed to the occurrence alleged.

16.    Because of the above stated conditions, Plaintiff was caused to sustain damages, including $7000.00 in missing luggage contents; shock and mental anguish; as

3

a result of these damages Plaintiff was caused and will continue to be caused to incur expenses; and Plaintiff was and will continue to be rendered unable to perform her normal activities and duties.

17.    The aforesaid acts and failures of the Defendants were grossly negligent, careless, wanton, willful, and constituted a conscious disregard to the security and protection of the Plaintiff's possessions; same describes Defendants' behavior after the theft/loss of her luggage items.  All of which entitles Plaintiff to punitive damages.

18.    As a result of the foregoing, Plaintiff is seeking the jurisdictional limitation of this Court in the amount of $25,000.00

WHEREFORE, Plaintiff, DAVIANNA FINCHER, demands judgment against the Defendants in the sum that is the jurisdictional limit of this Court for compensatory damages and in an amount that is the jurisdictional limit of this Court for punitive damages, together with the attorney's fees, interest, costs and disbursements.

Dated: Kings County, New York
       July 7, 2008

Yours etc.,

ARIA, UGO LLP

Ifey Ugokwe, Esq.
Attorneys for Plaintiff
35 Crown St., Suite 6E
Brooklyn, NY 11225
(718) 512-5448

4

<u>VERIFICATION</u>

STATE OF NEW YORK

COUNTY OF KINGS                   SS:

IFEY UGOKWE, affirms, under the penalty of perjury that:

1.     I am an attorney at law, duly admitted to practice in the State of New York, and am a partner of the law firm Aria, Ugo LLP., attorneys for the Plaintiff, Davianna Fincher in the within entitled action, with offices at 35 Crown St., Suite 6E, Brooklyn, NY 11225.

2.     I have read the foregoing Verified Answer, know the contents thereof, and affirm the same to be true on behalf of Plaintiff, to my knowledge, except as to the matters stated therein to be alleged upon information and belief. As to those matters, I believe them to be true. The source of my knowledge is my investigation of the factual allegations contained in Plaintiff's Verified Complaint.

3.     I make this Verification because Plaintiff does not reside within the county where Aria, Ugo maintains its office.

Dated: Kings County, New York
       July 13, 2008

                                ARIA, UGO LLP.

                                By:_____
                                    Ifey Ugokwe, Esq.
                                Attorneys for Plaintiff
                                35 Crown St., Suite 6E
                                Brooklyn, NY 11225
                                718-512-5448
                                (f) 347-402-1201
                                Attorneys for Plaintiff

CIVIL COURT OF THE CITY OF NEW YORK
NEW YORK COUNTY

DAVIANNA FINCHER

Plaintiff,

- against -

Index #:

THE GROUP ROYAL AIR MAROC, ROYAL AIR
MAROC, LTD, & MOROCCAN INTERNATIONAL
AIRLINES,

Defendants.

---

VERIFIED COMPLAINT

---

## Aria, Ugo & Abiayi LLP

Attorney(s) for   Defendants

35 Crown St., Suite 6E
Brooklyn, NY 11225
(718) 512-5448

Pursuant to 22 NYCR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State,
certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed
documents are not frivolous.

July 13, 2008

Dated: .............................        Signature .............................
       New York, NY                                          IFEY UGOKWE, ESQ.
                                          Print Signer's Name: .............................

---

*Service of a copy of the within*                                    *is hereby admitted.*
*Dated:*

.............................
*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐   *that the within is a certified true copy of a*
    *entered in the office of the clerk of the within named Court on*                              200

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
    *Hon.*                                                  *one of the judges of the within named Court,*
    *on*                          *200 , at*                *M.*

*Dated:*                                                    *Aria, Ugo & Abiayi LLP*

Attorney(s) for Plaintiff

35 Crown St., Suite 6E
Brooklyn, NY 11225
718-512-5448

*To:*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.  That on the 4th day of August, 2008 deponent served the within Notice of Removal upon:

    Ifey Ugokwe, Esq.
    Aria, Ugo LLP
    35 Crown Street, Suite 6E
    Brooklyn, New York  11225

At the addresses designated by said individual for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Sworn to before me this
4th day of August, 2008

_____
Notary Public

      _____
      Mary Ann Rooney

    MICHAEL J HOLLAND
  Notary Public, State of New York
      No. 41-4801283
    Qualified in Nassau County
 Commission Expires August 31, 2009